UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SANCHEZ,<br><br>          Petitioner,<br><br>     v.<br><br>DANIEL PARAMO,<br><br>          Respondent. | No.  2:13-cv-0491-TLN-EFB P<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Petitioner Alberto Sanchez ("Petitioner") is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 19, 2015, this Court denied Petitioner's application for a writ of habeas corpus and declined to issue a certificate of appealability (COA).  (ECF No. 26.)  Judgment was duly entered.  (ECF No. 27.)  Petitioner now moves for reconsideration of the order declining to issue a COA, arguing that a COA should be issued with respect to all of his claims for relief.  (ECF No. 28.)

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the

1

decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration of amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

Petitioner's motion fails to demonstrate that he is entitled to relief from the order declining to issue a COA with respect to his habeas claims before the court.  In seeking reconsideration, Petitioner offers no different evidence, nor does he establish error in the challenged decision.  Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (ECF No. 28) is DENIED.

Dated:  September 30, 2015

Troy L. Nunley
United States District Judge